IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KEITH COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-cv-01074 |
| | ) SENIOR JUDGE HAYNES |
| DARRON HALL, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM

Plaintiff, Brian Cole filed this *pro se* civil action under 42 U.S.C. § 1983 against the Defendant Darron Hall for alleged deliberate indifference to his safety in jail. According to the complaint, Plaintiff alleges that he attempted suicide in jail and was consequently housed in unit 2A of the jail. Plaintiff alleges that a fellow inmate in Unit 2A masturbated on him. Plaintiff reported the incident, causing the inmates to be designated as incompatible. The offending inmate was moved to another pod, but allegedly returned to the same pod days later and "repeated this action." Plaintiff asserts that "[t]his cycle went on two more times" until Plaintiff was ultimately moved out of the pod. Plaintiff alleges that he "was sexually harassed by the same inmate due to the lack of security for my personal safety of Darron Hall's staff."

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint

1

to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Under the Eighth Amendment jail officials owe a duty to protect prisoners from violence at the hands of other prisoners.[1] *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844

---

[1] The complaint does not indicate whether Plaintiff is a pretrial detainee or a convicted prisoner. This distinction would not affect the Court's analysis, because detainees have rights under the Fourteenth Amendment that are analogous to those provided by the Eighth Amendment. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). The Supreme Court's recent decision that detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472–73 (2015), has not been held to apply to deliberate indifference cases. *But see Johnson v. Clafton*, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) (collecting cases and stating that "[a]fter Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause).

(citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837. Inmates have clearly established Eight Amendment right to be protected from substantial risk of sexual assault by fellow inmates. *Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2008). On the other hand, complaints of mere sexual harassment without "insinuation of violence" are not sufficient establish a substantial risk of serious harm. *Bettencourt v. Owens*, 542 F. App'x 730, 735 (11th Cir. 2013). Determining whether Plaintiff's factual allegations ultimately state a claim would require additional development by the parties.

The sole Defendant in this action is Defendant Hall, Davidson County Sheriff. Plaintiff does not allege that Hall was personally aware of any risk to Plaintiff's safety or was otherwise aware of the inmates' alleged conduct. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). A theory of *respondeat superior* cannot provide the basis for a sheriff's liability for alleged deliberate indifference by jail staff under § 1983. *Abston v. Shelby Cnty. Justice Ctr.*, 19 F. App'x 334, 335 (6th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Absent allegations of personal involvement or knowledge by Defendant Hall, Plaintiff's

complaint fails to state a claim against the Defendant Hall.

Plaintiff is notified that he may file a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, in conjunction with a post-judgment motion to amend his complaint under Rule 15(a)(2), in order to: (1) allege the personal involvement of a defendant who he believes has been wrongfully dismissed, and/or (2) add as defendants those individuals actually responsible for the alleged civil rights violations. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)). If Plaintiff seeks to take advantage of this opportunity, his motion to alter or amend judgment under Rule 59 must be filed within 28 days of entry of judgment, and should be submitted with the motion to amend the complaint and proposed amended complaint.

Accordingly, this action should be dismissed for failure to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

An appropriate Order is filed herewith.

**ENTERED** this the ___10th___ day of ___December___, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge