IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KEITH COLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cv-01074 ) SENIOR JUDGE HAYNES |
| DARRON HALL, | ) ) |
| Defendant. | ) ) |

# ORDER

Plaintiff, Brian Cole filed this *pro se* civil action under 42 U.S.C. § 1983 against the Defendant Darron Hall for alleged deliberate indifference to his safety in jail. Plaintiff also filed his application to proceed without prepaying fees or costs (Docket Entry No. 2) is before the Court.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). From a review of his application, Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Thus, the Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Davidson County Sheriff, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only

when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Davidson County Sheriff to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian or his inmate trust-fund account must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In accordance with the Memorandum filed herewith, this action is **DISMISSED without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 10th day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge